Charles LARSEN, Appellant,

v.

Phil S. GIBSON, Chief Justice, Supreme Court of California and Jesse W. Carter, Associate Justice, Supreme Court of California, Appellees.

No. 16352.

United States Court of Appeals Ninth Circuit.

May 15, 1959.

Charles Larsen, Represa, Cal., in pro. per.

Stanley R. Mosk, Atty. Gen., Clarence A. Linn, Chief Asst. Atty. Gen., Preble Stolz, Deputy Atty. Gen., State of California, for appellees.

Before ORR, BARNES, and JERT-BERG, Circuit Judges.

PER CURIAM.

Appellant instituted an action in the United States District Court for the Northern District of California, Southern Division, seeking recovery under the Federal Civil Rights Act section 1983, 42 U.S.C.A.[1] and also attempting to predicate a claim on section 1505 of the West's Ann. California Penal Code.[2]

We are unable to ascertain from the pleadings in the trial court whether appellant claims to state a separate cause of action under § 1505 of the West's Ann. California Penal Code, or merely relies on it as determining the measure of damages in the claim based on 42 U.S.C.A. § 1983. In this court appellant appears to be arguing both. As a separate cause of action, the trial court had no jurisdiction of a claim under § 1505 as said statute provides a state created claim. No diversity of citizenship has been alleged.

To point up the allegations of the complaint relied on as forming the basis for the claim under federal law pursuant to 42 U.S.C.A. § 1983, we quote from the order of the trial court granting summary judgment for defendants:

"In essence the Complaint alleges that on July 3, 1958 plaintiff filed with the clerk of the California Supreme Court a Petition for Writ of Habeas Corpus addressed solely to Associate Justice Jesse W. Carter, and on July 23, 1958 his petition was denied by an Order of the Supreme Court of the State of California In Bank signed by Chief Justice Phil S. Gibson. Plaintiff contends that since the Petition addressed to Associate Justice Jesse W. Carter was properly filed and stated a *prima facie* case, California law required Associate Justice Jesse W. Carter to issue a Writ of Habeas Corpus releasing plaintiff from custody. Summary disposition of the Petition by the Supreme Court of the State of California in the Order signed by Chief Justice Phil S. Gibson without formal opinion on the question of law, if any, presented in the petition is offered as a basis for a claim against the Chief Justice."

The trial court had jurisdiction to entertain the action under 28 U.S.C.A. § 1343(3)[3] and in exercising that jurisdiction properly entered a summary judgment dismissing the complaint.

The appellees as Justices of the Supreme Court of California are immune to suit for damages for acts performed in the course of their official duties. Such traditional immunity has not been altered by the Civil Rights Act. Francis v. Crafts, 1 Cir., 1953, 203 F.2d 809; Kenney v. Fox, 6 Cir., 1956, 232 F.2d 288; Peckham v. Scanlon, 7 Cir.,

1. "Every person who, under color of any statute * * * custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States * * * to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law * * *."

2. "If any Judge, after a proper application is made, refuses to grant an order for a writ of habeas corpus, * * * he shall forfeit and pay to the person ag-

grieved a sum not exceeding $5000 * * *"

3. "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
* * * * *

"(3) To redress the deprivation, under color of any State law, statute, * * * custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights * * *"

1957, 241 F.2d 761; Tate v. Arnold, 8 Cir., 1955, 223 F.2d 782; cf. Tenney v. Brandhove, 1951, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019.

Affirmed.